

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN,
ATTORNEY GENERAL

Honorable J. A. Belger
County Auditor
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-4578
Re: Under the facts submitted,
what amount of salary or fee
is due the Special County Judge
of Travis County to date?

We have your two letters of May 1, 1942, requesting
the opinion of this department on the above stated question,
which read as follows:

"On October 5, 1927, Honorable George S. Dowell was
appointed Special Judge in Cause No. 6539, Estate of D. B.
Matthews, deceased, by proclamation of Honorable Dan Moody,
then Governor of Texas, after the Honorable Geo. S. Matthews,
County Judge of Travis County, had entered his disqualifica-
tion in the above cause. Judge Dowell made and filed statu-
tory oath of office on the above date.

"As Special County Judge, under the above appointment,
Judge Dowell entered thirteen orders on different dates from
October 5, 1927, to November 21, 1935, inclusive, and two
orders, dated respectively August 12, 1940, and September 28,
1940.

"Travis County operated, as provided by law, under the
salary law from and after January 1, 1936, and from January 1,
1936, until July 3, 1941, the annual salary of the County
Judge was $4750.00.

"Will you please advise me what amount of fee or salary
Judge Dowell is entitled to in the above styled and numbered
cause for services as Special County Judge to date."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. A. Belger, page 2

"On October 20, 1941, Honorable Geo. S. Dowell was appointed Special Judge in Cause No. 10,158, Estate of Libbie Burleson Matthews, deceased, by proclamation of Honorable Coke R. Stevenson, Governor of Texas, after the Honorable Geo. S. Matthews, County Judge of Travis County, had entered his disqualification in the above cause. Judge Dowell made and filed statutory oath of office on the above date.

"Under the above appointment, Judge Dowell, as Special County Judge, has entered three orders, all dated October 21, 1941, in the above cause. Travis County is operating, as provided by law, under the salary law, and from and after July 3, 1941, the annual salary of the County Judge was $5500.00.

"Will you please advise me what amount of fee or salary Judge Dowell is entitled to in the above styled and numbered cause for services as Special County Judge to date."

In opinion No. 0-3091 this department has heretofore ruled on a similar question regarding the compensation of a special judge elected by the local bar of Galveston County to preside as a special judge in civil matters in the County Court as well as in probate matters. However, in that opinion we did not deal with or have before us the specific question presented in your inquiry. In that opinion (No. 0-3091) the special judge was elected by the bar of Galveston County and was not appointed by the Governor. Under the facts stated in your inquiry, it is apparent that the special judge in probate matters was appointed by the Governor by virtue of Article 1932, Vernon's Annotated Civil Statutes. We enclose a copy of the above mentioned opinion.

Article 1932, Vernon's Annotated Civil Statutes, prior to its amendment by the 46th Legislature, 1939, read as follows:

"If the county judge is disqualified to act in any probate matter, he shall forthwith certify his disqualifications therein to the Governor, whereupon the Governor shall appoint some person to act as special judge in said case, who shall act from term to term until such disqualification ceases to exist."

Senate Bill No. 236, Acts of the 46th Legislature, 1939, page 187, amending Article 1932, supra, reads as follows:

"An Act amending Article 1932 of the Revised Civil Statutes of Texas, of 1925, as amended, so as to provide for a salary for special judge in probate matters and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"SECTION 1. That Article 1932, of the Revised Civil Statutes of Texas, 1925, as amended, is hereby amended so as to hereafter read as follows:

"Article 1932. (1738) (1131) Special Judge in Probate Matter. When a county judge is disqualified to act in any probate matter, he shall forthwith certify his disqualification therein to the Governor, whereupon the Governor shall appoint some person to act as special judge in said case, who shall act from term to term until such disqualification ceases to exist. A special judge so appointed shall receive the same compensation as is now or may hereafter be provided by law for regular judges in similar cases, and the Commissioners' Court shall, at the beginning of each fiscal year, include in the budget of the county, a sufficient sum for the payment of the special judge or judges appointed by the Governor to act for the regular county judge.'

"SEC. 2. The fact that there is now no law under which special judges, appointed by the Governor to act in cases where the regular judge is disqualified, may be compensated for services rendered by them in such cases, creates an emergency and an imperative public necessity, that the Constitutional Rule requiring that bills be read on three several days be suspended, be, and the same is hereby suspended, and this Act shall take effect and be in full force from and after its passage, and it is so enacted."

The above mentioned act (Senate Bill No. 236, supra) became effective May 15, 1939.

Prior to the effective date of Senate Bill No. 236, supra, there was no law under which special judges, appointed by the Governor to act in cases where the regular judge was disqualified, in probate matters could be compensated for services rendered by them in such cases. Therefore, prior to the effective

Honorable J. A. Belger, page 4

date of said Senate Bill No. 236, the special judge in probate matters is not entitled to any compensation for services rendered by him in such matters prior to the effective date of said Senate Bill No. 236. However, since the effective date of Senate Bill No. 236, it is our opinion that the special judge appointed by the Governor in probate cases is entitled to receive the same compensation per diem as the regular judge, for every day that such special judge serves in that capacity. In other words when the annual salary of the regular county judge was $4750.00, the special judge, appointed by the Governor, serving in probate matters would be entitled to the same compensation per diem as the regular judge for each day that such special judge served in that capacity. After the salary of the regular county judge was raised to $5500.00 per annum, the special judge would be entitled to receive the same compensation per diem as the regular judge, for each day that the special judge served as such. To arrive at these amounts the annual salary of the regular county judge at the time the special judge served should be divided by 365 and the quotient multiplied by the number of days actually served by the special judge.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:AMN

APPROVED JUN 2, 1942

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN